UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LASHAY GOREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-202 (CEJ) |
| ) | |
| PV HOLDING CORP. et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Charles Guice to remand this action to the Twenty-Second Judicial Circuit Court (City of St. Louis) from which it was removed. Plaintiff Lashay Goree has joined the motion. Defendants PV Holding Corp., Avis Rent A Car System, LLC, and Avis Budget Group (collectively, the "Avis defendants") have filed a response in opposition and the issues are fully briefed. Also pending is the motion of the Avis defendants to dismiss for failure to state a claim for relief and a notice of motion to consolidate this action with a related case, PV Holding Corp. v. Lashay Goree and Charles Guice, No. 4:14-CV-1595 (CDP).[1]

### I. Background

While operating a motor vehicle on June 16, 2013, defendant Guice struck and killed plaintiff's two-year-old son. The car Guice was driving had been rented by nonparty Tracy Nash from an Avis car rental office and was owned by defendant

---

[1] In Case No. 4:14-CV-1595 (CDP), PV Holding Corp. seeks declarations that (1) it met the requirements of the Motor Vehicle Financial Responsibility Law (MVFRL) by offering to tender to Goree the maximum amount of its financial obligations under the MVFRL and (2) the MVFRL does not impose a duty on PV Holding to provide a defense to Guice.

PV Holding. Affidavit of Vince Moffa ¶¶ 3-4 [Doc. #18-1]. Guice was not an authorized driver under the rental agreement signed by Nash. Plaintiff filed suit against Guice in the state court and, after a bench trial, was awarded damages of $5.2 million. *Lashay Goree v. Charlie Guice, No. 1422-CC09260 (Circuit Court of the City of St. Louis, Nov. 18, 2014)* [Doc. #1-1, p. 8].

The Avis defendants made repeated offers to plaintiff in the amount of $25,000 to satisfy any potential obligation they might have under the Missouri Motor Vehicle Financial Responsibility Law (MVFRL), Mo.Rev.Stat. §§ 303.010 *et seq*. See Affidavit of Jason D. Guerra ¶¶3, 6, 12-13, 21 [Doc. #18-5] (detailing settlement offers).[2] On December 15, 2014, they tendered to plaintiff a check for $25,000, which counsel for plaintiff returned. Avis Def. Exs. E and F [Docs. #18-8 and #18-9].

On December 19, 2014, plaintiff brought an equitable action in the state court against Guice and the Avis defendants to recover insurance proceeds, pursuant to Mo.Rev.Stat. § 379.200. *Lashay Goree v. PV Holding Corp., et al., No. 1422-CC10333 (Circuit Court of the City of St. Louis, Dec. 19, 2014)* [Doc. #1-1, p. 17]. In the petition, plaintiff asks that judgment be entered against the defendants "for (1) the sum of the policy limit, (2) post-judgment interest on [plaintiff's] judgment against Defendant Guice, and (3) [plaintiff's] costs in this lawsuit and all other proper relief." Id. On December 29, 2014, Guice filed cross-claims against the Avis defendants, asserting claims of bad faith failure to settle and failure to defend. The Avis defendants timely removed the action to this court, invoking

---

[2]The Avis defendants are self-insured under the MVFRL. See Avis Def. Ex. A-2, Certificate of Self-Insurance [Doc. #18-3]. Defendants assert that the full amount of their potential liability under the MVFRL is $25,000. See Mo.Rev.Stat. § 303.190 (setting minimum coverages).

jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. Plaintiff is a citizen of Missouri, the Avis defendants are citizens of Delaware and New Jersey, and defendant Guice is a citizen of Missouri.

Guice argues that removal was improper because the amount in controversy is less than $75,000, there is not complete diversity of citizenship, and the Avis defendants failed to obtain his consent to removal as required by 28 U.S.C. § 1446(b)(2)(A). The Avis defendants counter that the amount in controversy is $5.2 million and that Guice should be realigned as a plaintiff, thereby creating complete diversity.

## II. Legal Standard

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

## III. Discussion

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000, exclusive of interest and costs,

and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

### A. Amount in Controversy

Where, as here, the complaint fails to allege a specific amount of damages, the removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005). In the Eighth Circuit, the amount in controversy is measured by "the value to the plaintiff of the right sought to be enforced." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 821 (8th Cir. 2011) (quoting Advance Am. Servicing of Ark. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008)). "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original) (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). The value of Guice's cross-claims is not considered in determining the amount in controversy, because the removal statutes apply only to cases over which the district courts have original jurisdiction. 28 U.S.C. § 1441(a); 14C Charles Alan Wright *et al.*, Federal Practice and Procedure § 3725.3 (allowing a defendant to remove on the basis of a cross-claim asserted against him for more than the jurisdictional amount "would be at odds with the well-pleaded complaint rule and would produce an inconsistency with the practice in actions originally filed in the federal courts.")

In this case, plaintiff's claims arise under Missouri's equitable garnishment statute, Mo.Rev.Stat. § 379.200. The statute provides that, after obtaining a final judgment for bodily injury or death against a defendant who is insured for such injury, a judgment creditor "may proceed in equity against the defendant and the insurance company <u>to reach and apply the insurance money to the satisfaction of the judgment</u>." Mo.Rev.Stat. § 379.200 (emphasis added). Under § 379.200, the plaintiff "stands in the shoes of the insured, and [her] rights are no greater and no less than the insured's would have been in an action between the insured and the insurer" on the policy. <u>Carroll v. Missouri Intergovernmental Risk Mgmt. Ass'n</u>, 181 S.W.3d 123, 126 (Mo. Ct. App. 2005) (<u>quoting</u> <u>Meyers v. Smith</u>, 375 S.W.2d 9, 15 (Mo. 1964)). Plaintiff cannot recover more on her equitable garnishment claim than the amount the Avis defendants would be obligated to pay a hypothetical insured, which they assert is $25,000. Defendants assert that policy limits are a defense to plaintiff's claim and thus cannot be considered in determining the amount in controversy. <u>See</u> <u>Schubert v. Auto Owners Ins. Co.</u>, 649 F.3d 817, 825 (8th Cir. 2011) ("[A] well-accepted jurisdictional maxim dictates that a meritorious defense does not undermine jurisdiction."). Where, as here, a claim exceeds the policy limits, "the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied." 14AA Charles Alan Wright <i>et al.</i>, <u>Federal Practice and Procedure</u> § 3710.

The Avis defendants also argue that the $25,000 self-insurance limit is not the true amount in controversy because they are not an insurer with respect to Guice and thus plaintiff's claim against them under § 379.200 fails. Defendants'

argument goes to the merits of plaintiff's claim. For the purposes of determining jurisdiction, the court assumes that plaintiff can prevail on the claim she asserts and then considers whether her equitable garnishment claim could result in damages in excess of $75,000. Kramper Family Farm P'ship, 393 F.3d at 833. The Avis defendants have not met their burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### B. Diversity of Citizenship

As presently aligned, the parties are not completely diverse because plaintiff and defendant Guice are both citizens of Missouri. The Avis defendants argue that Guice should be realigned as a plaintiff.

The Eighth Circuit applies the test of "actual and substantial conflict" in deciding whether to realign a party. Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870-71 (8th Cir. 1996). "[I]f there is any actual and substantial conflict existing" between the parties as aligned, this court may not realign them. Id. (interpreting Indianapolis v. Chase National Bank, 314 U.S. 63, 69-70 (1941)). Courts have repeatedly rejected the argument that judgment debtors sued under § 379.200 can be realigned as plaintiffs for the purposes of creating federal jurisdiction. See, e.g., Webster v. Mair, No. 4:15 CV 430 RWS, 2015 WL 1886640, at *2 (E.D. Mo. Apr. 24, 2015) (judgment debtor remained liable to plaintiff for any unpaid balance of the judgment against him and thus there is "an actual and substantial conflict"); Capitol Indem. Corp. v. March, No. 1:13CV142 LMB, 2013 WL 6838778, at *3 (E.D. Mo. Dec. 27, 2013) (realignment of judgment debtor in action under § 379.200 "would only serve the purpose of manufacturing federal jurisdiction" and would be improper); Kendall v. Northern Assur. Co. of Am., No.

6

09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009) ("Given the Court's previous rulings and the plain statutory command of § 379.200, realignment of the [insureds] is improper because they are necessary party defendants to the action under Mo.Rev.Stat. § 379.200.").

Realignment of the parties in this case would not create jurisdiction in any event. An action under § 379.200 is a "direct action" against an insurer. Johnston v. Sweany, 68 S.W.3d 398, 403 (Mo. 2002) ("There are two avenues for a judgment creditor to collect money from an insurance company: (1) a traditional garnishment under section 525.240 and Rule 90 or (2) a direct action against the insurer authorized by section 379.200."); see also Bowen v. Atlantic Cas. Ins. Co., Inc., No. 4:13CV1919 (JAR), 2013 WL 6159455, at *4 (E.D. Mo. Nov. 25, 2013) (equitable garnishment actions under § 379.300 are direct actions); Fleming v. Liberty Surplus Ins. Corp., 4:12CV1478 (CDP), 2012 WL 6200526, *1 (E.D. Mo. Dec. 12, 2012); American States Ins. Co. v. Gates Corp., 4:07CV932 (RWS), 2008 WL 163588, at *3 (E.D. Mo. Jan. 17, 2008). Under 28 U.S.C. § 1332(c)(1), "in any direct action against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen." If Guice were realigned as a plaintiff, he would cease to be a party-defendant, thereby resulting in the Avis defendants being deemed citizens of Missouri, by operation of 28 U.S.C. § 1332(c)(1).[3] Thus, there is no diversity of citizenship.

---

[3]The Avis defendants cite City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1315 (11th Cir. 2012), for the proposition that actions under § 379.200 are not direct actions for the purposes of § 1332(c)(1). In Vestavia Hills, the Eleventh Circuit considered a claim brought pursuant to an equitable garnishment statute substantially similar to § 379.200. The court held that it was proper to realign the judgment debtor as a party plaintiff and that a claim under the state garnishment statute was not a direct action for the purposes of 28

7

Finally, under 28 U.S.C. § 1446(b)(2)(A), the Avis defendants were required to obtain Guice's consent to removal of the action. However, they failed to do so.

\* \* \*

For the foregoing reasons, the court concludes that it does not have subject matter jurisdiction in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Charles Guice to remand this matter to state court [Doc. #13] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit Court (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2015.

---

U.S.C. § 1332(c)(1). While the court acknowledges the holding and reasoning of Vestavia Hills, the weight of authority establishes that a claim under § 379.200 is a direct action.